# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-12-081-JHP |
| ) | |
| KENDRA MARIE ROSS, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter comes on for consideration of the Defendant's Appeal of a detention order entered on November 14, 2012, by the Honorable Kimberly E. West, United Magistrate Judge, in which the magistrate judge found the Defendant had not rebutted the presumption "that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community." (Dkt. # 19).

Title 18 U.S.C. § 3142(e) provides detention shall be ordered if "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." In cases that involve "an offense for which the maximum term of imprisonment of ten years or more," a rebuttable presumption arises that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." See, 18 U.S.C. §§ 3142(f)(1)(A).

In this case, a rebuttable presumption in favor of detention exists not only on the fact that Defendant is charged with a crime of violence in excess of ten years of punishment, but also two additional independent categories found in the statute. See 18 U.S.C. §§ 3142(f)(1)(B) and (E). The crime involved a statutory punishment of up to life imprisonment, and the crime also involved a minor. Id. Any one of these three categories would have caused the presumption to apply.

> Once this presumption is invoked, the burden of production shifts to the defendant.
>
> However, the burden of proof, at all times, remains with the government to show there is no condition or combination of conditions that would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. King*, 849 F.2d 485, 489 (11th Cir.1988); *United States v. Orta*, 760 F.2d 887, 891 (8th Cir.1985). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *United States v. King*, 849 F.2d at 485 n. 3; 18 U.S.C. § 3142(f). Evidence is clear and convincing if it gives the factfinder "an abiding conviction that the truth of ... [the] factual contentions are 'highly probable.'" *Colorado v. New Mexico*, 467 U.S. 310, 316, 104 S.Ct. 2433, 81 L.Ed.2d 247 (1984) (quoting C. McCormick, *Law of Evidence* § 320, p. 679 (1954)).

*U.S. v. Lutz,* 207 F.Supp.2d 1247, 1251 -1252 (D.Kan.,2002).

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of the community, pursuant to 18 U.S.C. § 3142(g), this Court must consider all available information concerning:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;

> (3) the history and characteristics of the person, including –
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Based upon a review of the record, it is clear the penalty for the charges Defendant is facing is ten years to life. 21 U.S.C. § 841(f)(1)(A). As a result, Defendant has the burden to prove there are conditions which will reasonably assure her appearance before this Court, as well as the safety of others within the community.

Production of evidence relating to character, family ties, employment, and length of residence in the community may rebut the presumption that a defendant poses a danger to the community. *U.S. v. Carbone*, 793 F.2d 559, 561 (3rd Cir. 1986). The Government must ultimately prove the defendant is a danger to the community by clear and convincing evidence, or that release pending trial creates a risk of flight by a preponderance of the evidence. *United States v. Himler*, 797 F.2d 156, 160-61 (3rd Cir. 1986). Simply because the defendant produced some evidence, however, the presumption does not disappear, but

remains as a factor for this Court to consider in the ultimate release or detention determination. *United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989).

In this case the Court has considered the pretrial services report. In addition, this Court has taken judicial notice of the court file and has reviewed all the documents contained therein. Additionally, the Court has reviewed the transcript of the detention hearing held before Magistrate Judge West on November 14, 2012, as well as the evidence and testimony presented at the hearing.

Further, following the Defendant's Detention Appeal to District Court (Dkt.# 22), the Court ordered a Response by the Government, and a Reply by the Defendant. In the Order, the Court also directed the parties to advise in their pleadings if they desired to stand on the record before the Court, or whether they desired to present additional evidence. The Government filed a Response on November 23, 2102, as ordered, and stated that a hearing was not required. The Government advised Defendant's motion should be submitted on the record. Defendant did not file a Reply as directed by this Court.

Accordingly, based on a *de novo* review, this Court hereby orders the continued detention of Defendant Kendra Marie Ross, pending trial.

ORDERED this 27th day of November, 2012.

James H. Payne
United States District Judge
Eastern District of Oklahoma

4