# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CR-12-081-RAW |
| | ) |
| KENDRA MARIE ROSS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the court is the motion of the defendant to dismiss Count One. Defendant is charged in a two-count indictment. Count One charges the defendant with Felony Child Abuse in violation of 21 O.S. §843.5(A) and 10A O.S. §1-1-105, i.e., Oklahoma law. Federal jurisdiction is explicitly premised in the indictment upon 18 U.S.C. §1153, because the alleged offense took place within Indian Country.

Defendant moves to dismiss, placing special reliance upon *Lewis v. United States,* 523 U.S. 155 (1998). The *Lewis* decision interprets the federal Assimilative Crimes Act ("ACA"), 18 U.S.C. §13(a). The Supreme Court noted that "[t]he ACA's basic purpose is one of borrowing state law to fill gaps in the federal criminal law that applies on federal enclaves." *Lewis,* 523 U.S. at 160.* Defendant argues that in the case at bar there is no "gap" to be filled. Rather, 18 U.S.C. §113(a)(7) provides that "[a]ssault resulting in

---

*The Supreme Court went on to set out a two-part inquiry to determine whether a state crime could be assimilated under the ACA. *Id.* at 164.

substantial bodily injury to an individual who has not attained the age of 16 years" is punishable by imprisonment for not more than 5 years.

As the indictment indicates, however, the government does not proceed under the ACA, but instead pursuant to the Major Crimes Act, 18 U.S.C. §1153. This provision in subsection (a) expressly lists "felony child abuse" as an offense. Under the Major Crimes Act, "[t]he government may use state law only when federal law does not define and punish the Major Crimes Act offense." *United States v. Other Medicine,* 596 F.3d 677, 681 (9th Cir.2010). "The text of the Major Crimes Act does not point to a federal definition of felony child abuse." *Id.* Prosecutors are not required "to charge a crime defined and punished by federal law when a defendant's conduct fits such a crime" when "the defendant's conduct also fits a separate Major Crimes Act crime defined and punished by state law." *Id.* "Discretion concerning which of several overlapping crimes to charge rests with federal prosecutors." *Id.* at 682.

This court is persuaded by the Ninth Circuit decision, as well as by the thorough discussion in *United States v. Ganadonegro,* 854 F. Supp.2d 1068 (D.N.M.2012). In the course of that decision, the district court concluded that the principles from *Lewis v. United States* would not govern interpretation of the Major Crimes Act. 854 F.Supp.2d at 1081. Accordingly, the court concludes the motion should not be granted.

It is the order of the court that the motion of the defendant to dismiss Count One (#34) is hereby DENIED.

**ORDERED THIS 4th DAY OF JANUARY, 2013.**

**Dated this 4th day of January, 2013.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma